UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:20-cv-01561-JGB (SK) | Date | August 13, 2020 |
| Title | Jesse Ramirez v. R. Eisher | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Connie Chung | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE TIMELINESS**

In August 2020, Petitioner filed a petition under 28 U.S.C. § 2254, challenging his 2014 sentence for sexual battery and lewd act on a child under the age of 14. (ECF 1 at 2). On its face, the petition is untimely and subject to summary dismissal. Petitioner was sentenced in March 2014 but filed no appeal. (ECF 1 at 5). So his conviction became final 60 days later in May 2014. *See* Cal. Rules of Court 8.308(a); *Stancle v. Clay*, 692 F.3d 948, 951 (9th Cir. 2012). From then, without any statutory or equitable tolling, Petitioner had one year—until May 2015—to file a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). Yet, as noted, his petition was not filed until August 2020. No statutory tolling appears available because Petitioner did not file his first state habeas petition until March 2019 (ECF 1 at 6, 59)—nearly four years after the statute of limitations had already expired. *See* 28 U.S.C. § 2244(d)(2); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Nor does there appear any basis for equitable tolling, which is Petitioner's burden to prove. *See Stancle*, 692 F.3d at 953.

THEREFORE, Petitioner is **ORDERED TO SHOW CAUSE** on or before **September 14, 2020** why this action should not be dismissed for untimeliness. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action using the attached Notice of Voluntary Dismissal Form CV-09. *See* Fed. R. Civ. P. 41(a). **But if Petitioner files no notice of voluntary dismissal or timely response to this order explaining how his claims are timely, the Court may also recommend involuntary dismissal of the petition for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

IT IS SO ORDERED.